## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MARIE LORQUET,**

> **Plaintiff,**

**v.**                                                    **Case No: 8:21-cv-2781-MSS-DAB**

**KNAUF GIPS KG, KNAUF PLASTERBOARD TIANJIN CO. LTD. and KNAUF NEW BUILDING SYSTEM (TIANJIN) CO. LTD.,**

> **Defendants.**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| |
|---|
| **MOTION: MOTION FOR SUMMARY JUDGMENT ON ISSUES PARTICULAR TO THIS CASE (Doc. 41)** |
| **FILED:  June 13, 2022** |
| ——————————————————————— |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part.** |

Plaintiff Marie Lorquet filed suit against the Knauf Defendants seeking, among other things, damages related to allegedly defective drywall the Knauf Defendants

manufactured and placed into the stream of commerce, which was later installed in thousands of homes; numerous homeowners and home builders sued. Previously, the cases were part of an extended Multidistrict Litigation proceeding ("MDL") which has since been largely resolved, and the individual cases have been transferred to the districts where the drywall was installed.[1]

The Knauf Defendants seek summary judgment on certain of Plaintiff's individual claims, arguing that Plaintiff's claims are barred by what they contend is Florida's subsequent purchaser doctrine and the lack of evidence to support Plaintiff's claim for loss of use of the property. Because, for purposes of summary judgment, Defendants have failed to demonstrate that the doctrine applies in this case or that Plaintiff should be barred from presenting loss of use damages, it is **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED in part** and **DENIED in part**.

## I.    BACKGROUND OF THIS CASE

Plaintiff Marie Lorquet acquired the property at 284 James Circle, Lake Alfred, Florida on April 1, 2012. Doc. 41-4, Supp. Plaintiff Profile Form, at 3. Plaintiff alleges

---

[1] A full background describing the pending drywall litigation in this District is set forth in the Report and Recommendation (being filed herewith) relating to the motion for partial summary judgment that was filed in all of the Middle District of Florida cases.

that the home contains defective drywall[2] which was installed in the property in 2006, prior to her purchase of the property. *Id.* Plaintiff did not initially file suit against the Knauf Defendants until January 31, 2016. *See* Doc. 41-6, Second Amended Complaint (Doc. 20020 of MDL 2047). Plaintiff does not allege in the Complaint an assignment of rights from the previous property owner was executed, nor have they provided evidence of such an agreement. Plaintiff testified that the property at issue serves as a vacation home that she and her family visit "four to six" weeks a year and "all enjoy it over there." Doc. 41-1, Depo. Marie Lorquet, at 24. When pressed regarding the production of documents and testimony regarding her $175,000.00 loss of use damages claim, Plaintiff deferred to her husband (Gene Lorquet), who in turn indicated that his wife's damage amount was provided by her attorney. *See Id*. at 30–32; Doc. 41-2, Depo. Gene Lorquet at 37–38.

Defendants thus argue the suit is barred by the subsequent purchaser doctrine and Plaintiff cannot recover damages for loss of use because she has not produced any evidence to support the claim.

## II. STANDARD

"A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought. The court shall grant summary judgment if

---

[2] Plaintiff contends that Defendants' drywall products containing the ink stamp, "KNAUF-TIANJIN CHINA ASTM C36" and are defective, because the off-gas noxious and corrosive chemicals such as hydrogen sulfide and carbon disulfide.

the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.*

For issues the movant must prove, the "movant must affirmatively show the absence of a genuine issue of material fact, and support its motion with credible evidence demonstrating that no reasonable jury could find for the non-moving party on all of the essential elements of its case." *Landolfi v. City of Melbourne, Fla*., 515 F. App'x 832, 834 (11th Cir. 2013) (citation omitted). But for issues the non-movant bears the burden, the movant has two options: (1) point out a lack of evidence to support the nonmoving party's case; or (2) provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Cntys*., 941 F.2d 1428, 1437-38 (11th Cir. 1991) (citation omitted). "The burden then shifts to the non-moving party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted).

At the summary judgment stage, courts view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002). It may not undertake credibility determinations or weigh the evidence when reviewing the record. *See Latimer v. Roaring Toyz, Inc*., 601 F.3d 1224, 1237 (11th Cir. 2010). What's more, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

### III. ANALYSIS

**A. Subsequent Purchaser**

This is one of ten cases in which Defendants argue that Plaintiffs' damage claims are barred by what Defendants label the subsequent purchaser doctrine. In essence, Defendants argue that Florida law does not allow a claim for damages to property to be asserted by a subsequent purchaser unless there has been an express assignment of any such claim from the original purchaser.

As argued by Defendants in each of the ten cases:

> Florida law provides that a cause of action arising out of injury to property is personal to the owner and a subsequent purchaser may not pursue the cause of action without a specific assignment of that cause of action. Where the cause of action arises out of an injury to property, that action is personal to the owner of the property and a party who subsequently takes title to the property, without receiving an assignment of that cause of action, may not pursue that cause of action. … In order to pursue a cause of action the subsequent purchaser of the property must allege that they became owner of the property after the damage was done and "that by assignment, he became possessed of all rights and causes of

action which the original owners possessed." *Ginsberg v. Lennar Florida Holdings, Inc*., 645 So. 2d 490, 496 (Fla. 3d DCA 1994) (citing *Selfridge v. Allstate Ins*., 219 So. 2d 127, 128 (Fla. 1969); and quoting *State Road Dep't. v. Bender*, 2 So. 2d 298 (Fla. 1941)). "When an assignment of interests is involved, the plaintiff must allege a valid assignment of that cause of action." *Llano Fin. Grp., LLC v. Ammons*, No. 3:16-CV627/MCR/CJK, 2017 WL 7596921, at *2 (N.D. Fla. June 15, 2017) (citing *Ginsberg*, 645 So. 2d at 496).

Plaintiffs respond that there is no such general doctrine and that the continuing nature of the damages from the defective drywall would preclude any application of such a doctrine.

Recently, District Judge Robert N. Scola of the Southern District of Florida, presiding over a number of cases similar to these, held "As a threshold matter, Florida does not appear to have a "subsequent purchaser rule" as the Defendants suggest, Subsequent purchasers are allowed to assert claims in a number of contexts." *Karpel v. Knauf Gips KG*, 2022 WL 4366946 at *2 (S.D. Fla. Sept. 21, 2022). Notably, neither party favored this Court with any reference to Judge Scola's ruling as supplemental authority.

In the cases in this Court, Defendants argue the subsequent purchaser doctrine generally, without regard to the particular legal theories being pursued by Plaintiffs. Due to this presentation, the Court declines to undertake its own ex ante analysis of each of the theories of the case. For present purposes, it is sufficient to note agreement with Judge Scola's overall conclusion and to point out that Defendants have

overstated the extent and potential application of the limited principles set forth in the cases they have cited.

The principal case cited by Defendants is *Ginsberg v. Lennar Florida Holdings, Inc.,* 645 So.2d 490 (Fla. 3d DCA 1994). As discussed by Judge Scola, however, "*Ginsberg* was decided on the basis of what the Florida Supreme Court now recognizes to be a flawed application of the economic loss rule." *Id.* at *6-7. The case accordingly is not good authority supporting the assertion of some overarching rule in Florida barring claims by subsequent purchasers of goods and real property.

The absence of a general doctrine barring claims by subsequent purchasers, the somewhat fluid nature of the Plaintiffs' claims and the variance in circumstances of each property at issue mean that treatment of this issue on summary judgment is inappropriate. The motion should be **DENIED** as to this issue.

### B. Damages Issue

Here, the Knauf Defendants argue that Plaintiff's claim for $150,000 in loss of use damages is contradicted by Plaintiff's continuing use of the property and the absence of any identification as to how the claim for lost use was arrived at. Plaintiff's and her husband's depositions, as excerpted in support of this part of the motion, indicate that they themselves do not know the basis for this claim. To the extent they rely on their counsel to marshal supporting evidence, there has been a failure to do so. The response to the motion on this point does not cite or refer to any supporting

evidence and merely recites that unidentified documents and expert reports and unspecified testimony will fill this gap.

Because Plaintiff has failed to provide a meaningful response, the motion as to the loss of use claim for damages should be **GRANTED**.

## CONCLUSION

In accordance with the foregoing, it is respectfully recommended that the Knauf Defendants' Motion for Summary Judgment on Issues Particular to This Case (Doc. 41) be **GRANTED** in part as to loss of use damages claim and **DENIED in part** as to the subsequent purchaser doctrine.

## NOTICE

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on October 19, 2022.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record